```
UNITED STATES DISTRICT COURT
  MIDDLE DISTRICT OF FLORIDA
         TAMPA DIVISION
```

NICKEY GREGORY COMPANY, LLC,

       Plaintiff,

v.                        Case No.  8:08-cv-2397-T-33MAP

FORBIDDEN FRUIT & VEGETABLE
COMPANY, et al.,

       Defendants.
_____/

## EX PARTE TEMPORARY RESTRAINING ORDER

**BEFORE THE COURT** is Plaintiff Nickey Gregory Company, LLC's Motion for Temporary Restraining Order Without Notice and Order to Show Cause Why a Preliminary Injunction Should not Issue (Doc. # 3), Memorandum in Support (Doc. # 4), and Attorney Certification Why Notice Should not be Required (Doc. # 6). Having shown that immediate, irreparable injury and loss will result from dissipation of assets subject to the statutory trust established by the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), Plaintiff Nickey Gregory Company, LLC's Motion for Temporary Restraining Order Without Notice is **GRANTED**.

The Court hereby finds from specific facts shown by the sworn affidavit of Harmon N. Gregory as well as the statement of account and the unpaid invoices attached to Gregory's affidavit (Doc. # 5) that immediate and irreparably injury,

loss, or damage will result to Plaintiff before Defendants can be heard in opposition. The Court has also reviewed counsel for Plaintiff's Certification Why Notice Should not be Required and finds that it complies with Federal Rule of Civil Procedure 65(b).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Nickey Gregory Company, LLC's Motion for Temporary Restraining Order Without Notice (Doc. # 3) is **GRANTED** as set forth below.

(2) Defendants Forbidden Fruit & Vegetable Co., Gregory N. Gentile, Chef's Choice USA, Inc., and James N. Gentile ("Defendants"), their officers, agents, servants, employees, assigns, attorneys, and financial institutions, are hereby restrained from dissipating, disbursing or otherwise encumbering any and all funds, monies and/or unliquidated interests of any type whatsoever now in their possession and/or under their control, as well as any and all funds and/or monies hereafter received until compliance with Paragraph (3) below.

(3) Defendants shall, within three (3) business days, either pay Plaintiff through counsel, or deposit into the Court registry $44,711.15, or if such funds cannot be

2

deposited with the Court, into an interest bearing escrow account with a federally insured financial institution. No distributions shall be made from this account without Court Order, and Plaintiff's counsel shall be provided with copies of the monthly bank statements.

(4) Defendants shall immediately serve this Order upon any and all financial institutions with which they have a relationship.

(5) Defendants shall, within three (3) business days, provide Plaintiff's counsel with a current accounting of business operations, including, but not limited to, records concerning Forbidden Fruit & Vegetable Co. and Chef's Choice USA, Inc.'s assets, bank accounts, accounts receivable, accounts payable, operating expenses and sales, and a complete list of all PACA trust creditors.

(6) The motion for preliminary injunction is **REFERRED** to Magistrate Judge Mark A. Pizzo for submission of findings of fact and a recommendation as to the appropriate disposition of the motion. The Magistrate Judge should schedule the preliminary injunction hearing prior to the expiration of the Temporary Restraining Order.

(7) Plaintiff's counsel shall immediately serve the Complaint, moving papers and this Temporary Restraining Order

upon all Defendants.

(8) Since Defendants are already in possession of at least $44,711.15 of Plaintiff's PACA trust assets, and since PACA is a remedial statute, it is determined that no bond shall be required.  See Caterpillar, Inc. v. Nationwide Equip., 877 F. Supp. 611, 617 (M.D. Fla. 1994) (concluding that courts have discretion to waive the bond requirement).

(9)  This Order shall remain in full force and effect for ten (10) days from the date of entry or until further order of the Court.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of December 2008 at 5:45 p.m.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

copies to:

All counsel of record

4